**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HAEMONETICS CORPORATION,<br><br>*Plaintiff and Counterclaim Defendant*,<br><br>v.<br><br>FRESENIUS KABI USA, LLC,<br>FRESENIUS KABI AG,<br>FENWAL, INC.,<br><br>*Defendants and Counterclaim Plaintiffs.* | Case No.: 1:25-cv-08680<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable LaShonda A. Hunt |

**PLAINTIFF HAEMONETICS CORPORATION'S ANSWER AND DEFENSES TO DEFENDANTS FRESENIUS KABI USA, LLC AND FRESENIUS KABI AG'S COUNTERCLAIMS**

Haemonetics Corporation ("Haemonetics"), by and through its undersigned counsel, hereby submits its Answer and Defenses to Defendants' Counterclaims (ECF No. 69) filed by Fresenius Kabi USA, LLC and Fresenius Kabi AG (collectively "Fresenius").

Haemonetics denies all allegations in Fresenius' Counterclaims, whether express or implied, expect those specifically admitted below. Each of the paragraphs 1-55 below corresponds to the same-numbered paragraphs in Fresenius' Counterclaims. Any factual allegation in the Counterclaims is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Haemonetics denies that Fresenius is entitled to the relief requested or any other relief. Haemonetics answers Fresenius' Counterclaims as follows:

## INTRODUCTION

1. Haemonetics' failure to conduct a diligent investigation into its claims has resulted in a scattershot approach that improperly ensnares defendants Fresenius Kabi USA, LLC and Fresenius Kabi AG (collectively "Fresenius") in this litigation based on nothing more than "information and belief."

**ANSWER:** Haemonetics denies the allegations in this paragraph. As stated in the Original and First Amended Complaints, this lawsuit relates to the accused Aurora Xi Plasmapheresis System ("Aurora Xi System"). Prior to filing suit, Haemonetics conducted a reasonable and diligent investigation into this product based on publicly available information. That investigation showed that Fresenius held itself out as the entity responsible for the Aurora Xi System. The materials indicated to Haemonetics that the Aurora Xi Plasmapheresis System was made, used, sold, offered for sale, imported, and/or distributed by Fresenius within the United States. Haemonetics referred to many of these publicly available materials in the First Amended Complaint. *See* ECF No. 32 ¶ 70 (Fresenius advertises the Aurora Xi System on its website); *id.* (plasma and customer support contacts are listed with Fresenius email addresses); *id.* (Fresenius publishes YouTube videos regarding these systems); ¶ 71 (showing Fresenius received FDA clearance for the Aurora Xi System and referred to the Aurora Xi software as property of Fresenius); *id.* (Fresenius claimed responsibility for developing the Aurora Xi System); *id.* ¶ 72 (Fresenius published the Aurora Xi's operator's manual); *id.* (the manual indicates the Aurora Xi System is manufactured by Fresenius).

Thus, Haemonetics' thorough investigation revealed that virtually all activities concerning the Aurora Xi System were carried out by Fresenius. Based on this evidence, Haemonetics had a good-faith basis to allege that Fresenius made, used, sold, offered for sale, or imported the accused system in the United States. Haemonetics only added Fenwal, Inc. as a defendant in the First Amended Complaint based on Defendants' counsel's representation that Fenwal, Inc. is the proper entity that makes, uses, sells, offers for sale, and/or imports the Aurora Xi System. Haemonetics'

initial investigation did not identify any facts that pointed to Fenwal as a separate company that was involved in the manufacture, use, or sale of the Aurora Xi System.

2. Haemonetics filed its Original Complaint against Fresenius Kabi USA, LLC on July 25, 2025. (ECF No. 1). As part of the meet and confer required under the Northern District of Illinois Local Rules prior to filing a motion to dismiss, counsel for Fresenius Kabi USA highlighted the deficiencies in Haemonetics' Complaint against Fresenius Kabi USA, advising that Fresenius Kabi USA had no involvement in the allegations and products described in that complaint.

**ANSWER:** Haemonetics admits that it filed its Original Complaint against Fresenius Kabi USA, LLC on July 25, 2025, and that the parties met and conferred regarding Fresenius Kabi USA's planned motion to dismiss. Haemonetics further admits that during the parties' meet and confer, Defendants' counsel represented that Fenwal, Inc. was the proper defense entity in this lawsuit. Haemonetics denies the remaining characterizations of non-involvement. Despite its assertion of alleged deficiencies, Fresenius Kabi USA, LLC has not filed a motion to dismiss to date.

3. The parties filed a Joint Motion to Vacate Case Deadlines, which the Court granted, to allow time for Haemonetics to investigate the proper parties for the lawsuit. (ECF Nos. 27, 31).

**ANSWER:** Haemonetics admits the parties filed a Joint Motion to Vacate Case Deadlines but denies the remaining characterizations of this paragraph. *See* ECF No. 31. During this period, Haemonetics continued its investigation and repeatedly sought information from Defendants to clarify the proper parties and their roles with respect to the Aurora Xi System. Haemonetics and Defendants met and conferred on more than one occasion and Defendants provided limited documents that did not resolve Haemonetics' concerns. Despite requesting a declaration and/or detailed written assurances that Fresenius was not involved in any infringing activities, Fresenius did not provide any such verification. In the absence of such information and in light of Defendants' own public statements, Haemonetics reasonably maintained its claims.

4. Haemonetics' First Amended Complaint ("FAC") contains the same deficiencies identified its Original Complaint, containing only conclusory, formulaic recitations of the elements of direct infringement and lacking any factual content to support its allegations that either Fresenius Kabi USA and/or Fresenius Kabi AG infringe the asserted Haemonetics patents.

**ANSWER:** Haemonetics denies the allegations in this paragraph. As explained in response to Paragraph 1 above, Haemonetics' First Amended Complaint was replete with publicly-available information concerning Fresenius' ties to the Aurora Xi System and this case. Haemonetics specifically denies that its allegations lack "factual content" as they cite directly to Fresenius' publicly-available materials.

5. Haemonetics alleges Fresenius' infringement consists of "market[ing]" and "advertising" activities, "[being] directly associated with the Aurora Xi System," and "own[ing] all copyrights," but these are not acts of alleged infringement. *E.g.,* FAC ¶¶ 123, 145, 172 ("market[ing]"), 19, 20, 26, 27, 70, 125, 147 ("advertising"), ¶ 71 ("associated with"), ¶ 73 ("owns all copyrights"); *see also Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1028 (Fed. Cir. 2016) ("[A]dvertisements are not considered offers for sale, but are instead merely solicitations for offers."); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (communications that describe the allegedly infringing materials but "do not contain any price terms . . . on their face . . . cannot be construed as an 'offer' which [the offeree] could make into a binding contract by simple acceptance"). Nor are postings of YouTube videos (FAC ¶ 70) or serving as correspondent or Applicant on a 510(k) submission (*id.* ¶ 76). *See* 35 U.S.C. § 271(a). Haemonetics' remaining allegations against Fresenius are alleged on "information and belief." *See e.g.*, FAC ¶¶ 3-8, 18, 24, 68-69, 71, 74, 77-78, 80, 123-126, 128, 130, 132, 145-148, 150, 152, 154, 172-175, 177-178, *etc.* (40 allegations based "on information and belief").

**ANSWER:** This paragraph consists largely of legal conclusions and mischaracterizations to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius Kabi USA and Fresenius Kabi AG and refers to the First Amended Complaint (ECF No. 32) ("FAC"), which speaks for itself. Haemonetics specifically denies Defendants' characterization of the FAC. The FAC alleges multiple forms of infringing conduct supported by factual allegations and documentary evidence. Defendants' attempt to isolate and recharacterize select allegations does not negate the well-pleaded claims set forth in the FAC.

6. That Haemonetics' allegations against Fresenius are deficient is not surprising. Neither Fresenius entity "makes" or "manufactures" the accused Aurora Xi plasmapheresis device, nor do they "offer for sale," "sell" or "import" the Aurora Xi or induce parties to engage in any alleged infringing acts related to the Aurora Xi devices.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph, including Defendants' assertion that they have no involvement with the Aurora Xi System, which is contradicted by their own public representations.

7. By failing to exercise the requisite due diligence expected before asserting claims of patent infringement, Haemonetics has recklessly cast a cloud of uncertainty over Fresenius and forced them to incur significant, unwarranted litigation costs. Despite having been alerted to this issue by counsel for Fresenius Kabi USA, Haemonetics turned a blind eye. This pattern of behavior suggests a litigation strategy of harassment rather than a good-faith pursuit of legal rights.

**ANSWER:** This paragraph contains legal conclusions and improper characterizations to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

Haemonetics conducted a reasonable pre-suit investigation and acted in good faith at all times. After filing suit, Haemonetics further investigated Defendants' assertions through meet-and-confers and requests for information. Defendants, however, declined to provide clear, competent evidence disclaiming involvement in the accused activities.

Under these circumstances, Haemonetics reasonably relied on Defendants' own public-facing materials and maintained its claims. Haemonetics denies any allegations of harassment, bad faith, or improper litigation conduct.

Haemonetics specifically denies the allegation that it "turned a blind eye" to the propriety of Fresenius as Defendants. Haemonetics worked with Defendants' counsel to identify and receive documents and information that would prove Fresenius was not involved with the make, use, sale, offer for sale, or importation of the Aurora Xi System. In fact, certain documents provided by Defendants indicated to Haemonetics that Fresenius was properly named in the lawsuit. Fresenius was unable to provide the requested information and, in light of the publicly available information

that specifically identifies Fresenius as the entity associated with the Aurora Xi System, Haemonetics has maintained this litigation.

8. Consequently, Defendants/Counterclaim Plaintiffs Fresenius Kabi USA, LLC and Fresenius Kabi AG (collectively "Fresenius"), by and through its undersigned attorneys, hereby assert the following counterclaims against Plaintiff/Counterclaim Defendant Haemonetics Corporation ("Haemonetics" or "Counterclaim Defendant") for declaratory judgment that the claims of U.S. Patent Nos. 10,758,652 (the "'652 Patent"), 12,171,916 (the "'916 Patent"), and 12,186,474 (the "'474 Patent") (collectively, the "Haemonetics Asserted Patents") are invalid and not infringed by the products that are the subject matter of Haemonetics' FAC.

**ANSWER:** This paragraph contains legal conclusions and factual allegations to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**NATURE OF ACTION**

9. This is an action for: (i) invalidity of the Haemonetics Asserted Patents under the Declaratory Judgment Act (28 U.S.C. § 2201); (ii) non-infringement of the Haemonetics Asserted Patents under 28 U.S.C. § 2201; and (iii) such other relief as the Court deems just and proper.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**THE PARTIES**

10. Fresenius Kabi USA, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.

**ANSWER:** Haemonetics admits the allegations in this paragraph.

11. Fresenius Kabi AG is a corporation organized and existing under the laws of Germany with its principal place of business at Else-Kröner-Straße 1, 61352 Bad Homburg, Germany.

**ANSWER:** Haemonetics admits the allegations in this paragraph.

12. Haemonetics Corporation is a Massachusetts corporation with its principal place of business at 125 Summer Street, Boston, Massachusetts 02110.

**ANSWER:** Haemonetics admits the allegations in this paragraph.

## JURISDICTION

13. This Court has jurisdiction over Fresenius' counterclaims pursuant to 28 U.S.C. §§ 2201 *et seq.* and 28 U.S.C. §§ 1331, 1338(a), and § 1367. Furthermore, an actual, substantial, and continuing justiciable controversy exists between Fresenius and Haemonetics based on Haemonetics having filed its First Amended Complaint (ECF No. 32) against Fresenius alleging infringement of the Haemonetics Asserted Patents. The controversy concerns the invalidity and non-infringement of the Haemonetics Asserted Patents.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics admits it filed its First Amended Complaint (ECF No. 32) against Fresenius alleging infringement of the Haemonetics Asserted Patents.

14. This Court has personal jurisdiction over Haemonetics at least because Haemonetics has submitted to the personal jurisdiction of this Court by filing its Complaint (ECF No. 1) and First Amended Complaint (ECF No. 32) in this Court. Haemonetics has consented to this Court's jurisdiction for the purpose of this proceeding. FAC ¶ 14.

**ANSWER:** Haemonetics admits that this Court has personal jurisdiction over Haemonetics for the purpose of this proceeding only.

## VENUE

15. Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b), because Haemonetics has consented to venue in this Court by filing its First Amended Complaint for patent infringement in this Court, and seeking other relief from this Court, thereby waiving any objections to venue for any counterclaims asserted against it. *See, e.g.*, *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 973, 976-77 (N.D. Ill. 2002); *Shapo v. Engle*, No. 98-cv-7909, 2000 WL 198435, at *5 (N.D. Ill. Feb. 11, 2000); *see also* FAC ¶¶ 15-17.

**ANSWER:** Haemonetics admits that venue is proper in this District for the purpose of this proceeding only. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

## COUNT 1: NON-INFRINGEMENT OF U.S. PATENT NO. 10,758,652

16. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

17. Based on at least the allegations contained in the Haemonetics' First Amended Complaint against Fresenius (ECF No. 32), an actual and justiciable controversy exists between Fresenius and Haemonetics concerning alleged infringement of the U.S. Patent No. 10,758,652 ("the '652 patent").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '652 Patent.

18. Fresenius has not made, used, offered to sell, or sold any alleged invention claimed in the '652 patent within the United States, or imported any alleged invention claimed in the '652 patent into the United States. Fresenius therefore has not infringed and does not currently infringe any asserted claim of the '652 patent, literally or under the doctrine of equivalents, directly or indirectly.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

19. Neither Fresenius Kabi AG nor Fresenius Kabi USA "make" or "manufacture" the Aurora Xi, nor does Fresenius Kabi AG or Fresenius Kabi USA "offer for sale," "sell" or "import" the Aurora Xi. Haemonetics alleges Fresenius engaged in "market[ing]" and "advertising," "[is] directly associated with the Aurora Xi System," and "owns all copyrights," but these are not acts of direct infringement. *See e.g.*, FAC ¶¶ 123, 145, 172 ("market[ing]"), ¶¶ 19, 20, 26, 27, 70, 125, 147 ("advertising"), ¶ 71 ("associated with"), ¶ 73 ("owns all copyrights"); *see also Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1028 (Fed. Cir. 2016) ("[A]dvertisements are not considered offers for sale, but are instead merely solicitations for offers."); *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 966 (N.D. Ill. 2015) ("To constitute an 'offer to sell' under traditional contract principles, an offer requires a definite price term, otherwise the offeree could make the offer into a binding contract by a simple acceptance."); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1376 (Fed. Cir. 2005) (communications that describe the allegedly infringing materials but "do not contain any price terms . . . on their face . . . cannot be construed as an 'offer' which [the offeree] could make into a binding contract by simple acceptance"). In addition, acting as correspondent on a 510(k) submission is not an act of direct infringement, nor is acting as an Applicant for 510(k) clearance forms. *See* 35 U.S.C. § 271(a); *see also* FAC ¶ 71 (alleged submission of software to FDA).

**ANSWER:** This paragraph contains legal conclusions and mischaracterizations to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies all remaining allegations in this paragraph, if any.

20. Similarly, neither Fresenius Kabi AG nor Fresenius Kabi USA indirectly infringe the '652 patent. As an initial matter, there is no indirect infringement because there is no direct infringement of the '652 patent by the accused plasmapheresis systems at least because the accused plasmapheresis do not practice, literally or under the doctrine of equivalents, at least the following limitations (to the extent such terms are understandable at this junction without the benefit of formal claim construction): "the controller configured to calculate (1) a volume of anticoagulant in the collected plasma component as the plasma component is being collected in the plasma container, and (2) a volume of pure plasma collected within the plasma container based, at least in part, upon the volume of anticoagulant in the collected plasma component, the controller configured to stop the blood draw pump when a target volume of pure plasma is collected within the plasma container." Absent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement. 35 U.S.C. § 271.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies all remaining allegations in this paragraph, if any.

21. Fresenius has not actively induced any infringement of the '652 patent. Fresenius lacks the requisite specific knowledge and intent to encourage infringement of the '652 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

22. Fresenius has not contributed to any infringement of the '652 patent. Fresenius does not offer to sell, sell, or import the Accused Products or any component thereof into the United States.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

23. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that it has not and does not infringe the '652 patent, that it has not actively induced the infringement of the '652 patent, and that it has not contributed to the infringement of the '652 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**COUNT 2: INVALIDITY OF U.S. PATENT NO. 10,758,652**

24. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

25. Due to at least the allegations contained in Haemonetics' First Amended Complaint, an actual and justiciable controversy exists between Fresenius and Haemonetics concerning the validity of the '652 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '652 Patent.

26. The claims of the '652 patent are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112. *See also* IPR2025-01391 (petition for *inter partes* review of U.S. Patent No. 10,758,652). The Court may take judicial notice of IPR2025-01391, which is a matter of public record before the USPTO, and which Fresenius incorporates by reference. *Lecat's Ventriloscope v. MT Tool & Mfg.*, No. 16 C 5298, 2018 WL 3651592, at *3 (N.D. Ill. Aug. 1, 2018).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies the remaining allegations in this paragraph, if any.

27. For example, the claims of the '652 patent are anticipated by the prior art, under 35 U.S.C. §§102, and are rendered obvious by the prior art under 35 U.S.C. § 103. The prior art is evidenced by at least the following:

a. U.S. Patent No. 8,075,468 to Min et al. ("Min")

b. U.S. Patent No. 9,370,324 to Barret et al. ("Barrett")

c. U.S. Patent No. 6,296,602 to Headley ("Headley")

d. "Membrane versus centrifuge-based therapeutic plasma exchange: a randomized prospective crossover study," Carsten Hafer et al., Int. Urol. Nephrol (2016) 48:133-138; Springer Science+Business Media Dordrecht 2015.

e. U.S. Patent Publication No. 2017/0029762 ("Turgut")

f. "Volume Limits – Automated Collection of Source Plasma," November 4, 1992, Memorandum issued by the FDA Center for Biologics Evaluation and Research, Docket Number FDA-2013-S- 613.

g. Bruce C. McLeod, MD, et al., "Apheresis: Principles and Practice," 3rd Edition, AABB Press 2010.

h. U.S. Patent Publication No. 2012/0175313 to Barry et al. ("Barry")

i. U.S. Publication No. 2002/0033370 to Bainbridge et al. ("Bainbridge")

j. U.S. Patent No. 10,195,319 to Kimura ("Kimura")

k. U.S. Patent No. 6,743,192 to Sakota et al. ("Sakota")

l. Merleen M. Neyrinck & Hans Vrielink, "Calculations in Apheresis" Journal of Clinical Apheresis 30:38–42 (2015) ("Neyrinck")

m. Samuel B. Nadler et al., Prediction of blood volume in normal human adults, 51 Journal of Investigative Surgery 224-232 (1962) ("Nadler").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

28. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 from this Court that each and every claim of the '652 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**COUNT 3: NON-INFRINGEMENT OF U.S. PATENT NO. 12,171,916**

29. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

30. Based on at least the allegations contained in the Haemonetics' First Amended Complaint against Fresenius (ECF No. 32), an actual and justiciable controversy exists between Fresenius and Haemonetics concerning alleged infringement of the U.S. Patent No. 12,171,916 ("the '916 patent").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '916 Patent.

31. Fresenius has not made, used, offered to sell, or sold any alleged invention claimed in the '916 patent within the United States, or imported any alleged invention claimed in the '916 patent into the United States. Fresenius therefore has not infringed and does not currently infringe any asserted claim of the '916 patent, literally or under the doctrine of equivalents, directly or indirectly.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

32. Neither Fresenius Kabi AG nor Fresenius Kabi USA "make" or "manufacture" the Aurora Xi, nor does Fresenius Kabi AG or Fresenius Kabi USA "offer for sale," "sell" or "import" the Aurora Xi. Haemonetics alleges Fresenius engaged in "market[ing]" and "advertising," "[is] directly associated with the Aurora Xi System," and "owns all copyrights," but these are not acts of direct infringement. *See e.g.*, FAC ¶¶ 123, 145, 172 ("market[ing]"), ¶¶ 19, 20, 26, 27, 70, 125, 147 ("advertising"), ¶ 71 ("associated with"), ¶ 73 ("owns all copyrights"); *see also Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1028 (Fed. Cir. 2016) ("[A]dvertisements are not considered offers for sale, but are instead merely solicitations for offers."); *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 966 (N.D. Ill. 2015) ("To constitute an 'offer to sell' under traditional contract principles, an offer requires a definite price term, otherwise the offeree could make the offer into a binding contract by a simple acceptance."); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1376 (Fed. Cir. 2005) (communications that describe the allegedly infringing materials but "do not contain any price terms . . . on their face . . .cannot be construed as an 'offer' which [the offeree] could make into a binding contract by simple acceptance"). In addition, acting as correspondent on a 510(k) submission is not an act of direct infringement, nor is acting as an Applicant for 510(k) clearance forms. *See* 35 U.S.C. § 271(a); *see also* FAC ¶ 71 (alleged submission of software to FDA).

**ANSWER:** This paragraph contains legal conclusions and mischaracterizations to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies the remaining allegations in this paragraph, if any.

33. Similarly, neither Fresenius Kabi AG nor Fresenius Kabi USA indirectly infringe the '916 patent. As an initial matter, there is no indirect infringement because there is no direct infringement of the '916 patent by the accused plasmapheresis systems at least because the accused plasmapheresis do not practice, literally or under the doctrine of equivalents, at least the following limitations (to the extent such terms are understandable at this junction without the benefit of formal claim construction): "a controller programmed to control operation of the system, the controller coupled to the touchscreen and programmed to receive donor parameters electronically

from a control system, to determine a target volume for plasma product and/or raw plasma based at least in part on the donor parameters and to control the system to operate draw and return phases to withdraw whole blood from a donor and separate the whole blood into the plasma product and the second blood component and to return the second blood component to the donor." Absent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement. 35 U.S.C. § 271.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies the remaining allegations in this paragraph, if any.

34. Fresenius has not actively induced any infringement of the '916 patent. Fresenius lacks the requisite specific knowledge and intent to encourage infringement of the '916 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

35. Fresenius has not contributed to any infringement of the '916 patent. Fresenius does not offer to sell, sell, or import the Accused Products or any component thereof into the United States.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

36. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that it has not and does not infringe the '916 patent, that it has not actively induced the infringement of the '916 patent, and that it has not contributed to the infringement of the '916 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**COUNT 4: INVALIDITY OF U.S. PATENT NO. 12,171,916**

37. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

38. Due to at least the allegations contained in Haemonetics' First Amended Complaint, an actual and justiciable controversy exists between Fresenius and Haemonetics concerning the validity of the '916 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '916 Patent.

39. The claims of the '916 patent are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112. *See also* PGR2025-00078 (petition for post-grant review of U.S. Patent No. 12,171,916). The Court may take judicial notice of PGR2025-00078, which is a matter of public record before the USPTO, and which Fresenius incorporates by reference. *Lecat's Ventriloscope v. MT Tool & Mfg.*, No. 16 C 5298, 2018 WL 3651592, at *3 (N.D. Ill. Aug. 1, 2018).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits that PGR2025-00078 is a matter of public record before the USPTO, but notes that Director Squires discretionarily denied this petition for post-grant review on March 10, 2026. Haemonetics denies the remaining allegations in this paragraph.

40. For example, the claims of the '916 patent are anticipated by the prior art, under 35 U.S.C. §§102, and are rendered obvious by the prior art under 35 U.S.C. § 103. The prior art is evidenced by at least the following:

a. Min

b. Barrett

c. Headley

d. "Membrane versus centrifuge-based therapeutic plasma exchange: a randomized prospective crossover study," Carsten Hafer et al., Int. Urol. Nephrol (2016) 48:133-138; Springer Science+Business Media Dordrecht 2015.

e. Turgut

f. "Volume Limits – Automated Collection of Source Plasma," November 4, 1992, Memorandum issued by the FDA Center for Biologics Evaluation and Research, Docket Number FDA-2013-S- 0613.

g. Bruce C. McLeod, MD, et al., "Apheresis: Principles and Practice," 3rd Edition, AABB Press 2010.

h. Barry

i. Bainbridge

j. Kimura

k. Sakota

l. Merleen M. Neyrinck & Hans Vrielink, "Calculations in Apheresis" Journal of Clinical Apheresis 30:38–42 (2015) ("Neyrinck")

m. Samuel B. Nadler et al., Prediction of blood volume in normal human adults, 51 Journal of Investigative Surgery 224-232 (1962) ("Nadler").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

41. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 from this Court that each and every claim of the '916 patent, are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**COUNT 5: NON-INFRINGEMENT OF U.S. PATENT NO. 12,186,474**

42. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

43. Based on at least the allegations contained in the Haemonetics' First Amended Complaint against Fresenius (ECF No. 32), an actual and justiciable controversy exists between Fresenius and Haemonetics concerning alleged infringement of the U.S. Patent No. 12,186,474 ("the '474 patent").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '474 Patent.

44. Fresenius has not made, used, offered to sell, or sold any alleged invention claimed in the '474 patent within the United States, or imported any alleged invention claimed in the '474 patent into the United States. Fresenius therefore has not infringed and does not currently infringe any asserted claim of the '474 patent, literally or under the doctrine of equivalents, directly or indirectly.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

45. Neither Fresenius Kabi AG nor Fresenius Kabi USA "make" or "manufacture" the Aurora Xi, nor does Fresenius Kabi AG or Fresenius Kabi USA "offer for sale," "sell" or "import" the Aurora Xi. Haemonetics alleges Fresenius engaged in "market[ing]" and "advertising," "[is] directly associated with the Aurora Xi System," and "owns all copyrights," but these are not acts of direct infringement. *See e.g.*, FAC ¶¶ 123, 145, 172 ("market[ing]"), ¶¶ 19, 20, 26, 27, 70, 125, 147 ("advertising"), ¶ 71 ("associated with"), ¶ 73 ("owns all copyrights"); *see also Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1028 (Fed. Cir. 2016) ("[A]dvertisements are not considered offers for sale, but are instead merely solicitations for offers."); *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 966 (N.D. Ill. 2015) ("To constitute an 'offer to sell' under traditional contract principles, an offer requires a definite price term, otherwise the offeree could make the offer into a binding contract by a simple acceptance."); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1376 (Fed. Cir. 2005) (communications that describe the allegedly infringing materials but "do not contain any price terms . . . on their face . . .cannot be construed as an 'offer' which [the offeree] could make into a binding contract by simple acceptance"). In addition, acting as correspondent on a 510(k) submission is not an act of direct infringement, nor is acting as an Applicant for 510(k) clearance forms. *See* 35 U.S.C. § 271(a); *see also* FAC ¶ 71 (alleged submission of software to FDA).

**ANSWER:** This paragraph contains legal conclusions and mischaracterizations to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies the remaining allegations in this paragraph, if any.

46. Similarly, neither Fresenius Kabi AG nor Fresenius Kabi USA indirectly infringe the '474 patent. As an initial matter, there is no indirect infringement because there is no direct infringement of the '474 patent by the accused plasmapheresis systems at least because the accused plasmapheresis do not practice, literally or under the doctrine of equivalents, at least the following limitations (to the extent such terms are understandable at this junction without the benefit of formal claim construction): "a controller programmed to control operation of the system, the controller coupled to the touchscreen and programmed to receive at least a donor's weight, height and hematocrit and to determine a target volume for plasma product comprising raw plasma and anticoagulant, wherein the target volume for plasma product is determined prior to withdrawing the whole blood from the donor based at least in part on the donor's total blood volume and/or the donor's plasma volume, the controller programmed to then control the system to operate a plurality of draw and return cycles to withdraw whole blood from the donor and separate the whole blood into the plasma product and the second blood component and to return the second blood component

to the donor." Absent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement. 35 U.S.C. § 271.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph. Haemonetics denies the remaining allegations in this paragraph, if any.

47. Fresenius has not actively induced any infringement of the '474 patent. Fresenius lacks the requisite specific knowledge and intent to encourage infringement of the '474 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

48. Fresenius has not contributed to any infringement of the '474 patent. Fresenius does not offer to sell, sell, or import the Accused Products or any component thereof into the United States.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

49. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that it has not and does not infringe the '474 patent, that it has not actively induced the infringement of the '474 patent, and that it has not contributed to the infringement of the '474 patent.

**ANSEWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

**COUNT 6: INVALIDITY OF U.S. PATENT NO. 12,186,474**

50. Fresenius repeats and realleges herein by reference the allegations of each of the foregoing paragraphs.

**ANSWER:** This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

51. Due to at least the allegations contained in Haemonetics' First Amended Complaint, an actual and justiciable controversy exists between Fresenius and Haemonetics concerning the validity of the '474 patent.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits it has asserted patent infringement claims against Fresenius regarding the '474 Patent.

52. The claims of the '474 patent are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112. *See also* PGR2025-00077 (petition for post-grant review of U.S. Patent No. 12,186,474). The Court may take judicial notice of PGR2025-00077, which is a matter of public record before the USPTO, and which Fresenius incorporates by reference. *Lecat's Ventriloscope v. MT Tool & Mfg.*, No. 16 C 5298, 2018 WL 3651592, at *3 (N.D. Ill. Aug. 1, 2018).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics admits that PGR2025-00077 is a matter of public record before the USPTO, but notes that Director Squires discretionarily denied this petition for post-grant review on March 10, 2026. Haemonetics denies the remaining allegations in this paragraph.

53. For example, the claims of the '474 patent are anticipated by the prior art, under 35 U.S.C. §§102, and are rendered obvious by the prior art under 35 U.S.C. § 103. The prior art is evidenced by at least the following:

a. Min

b. Barrett

c. Headley

d. "Membrane versus centrifuge-based therapeutic plasma exchange: a randomized prospective crossover study," Carsten Hafer et al., Int. Urol. Nephrol (2016) 48:133-138; Springer Science+Business Media Dordrecht 2015.

e. Turgut

f. "Volume Limits – Automated Collection of Source Plasma," November 4, 1992, Memorandum issued by the FDA Center for Biologics Evaluation and Research, Docket Number FDA-2013-S- 0613.

g. Bruce C. McLeod, MD, et al., "Apheresis: Principles and Practice," 3rd Edition, AABB Press 2010.

h. Barry

i. Bainbridge

j. Kimura

k. Sakota

l. Merleen M. Neyrinck & Hans Vrielink, "Calculations in Apheresis" Journal of Clinical Apheresis 30:38–42 (2015) ("Neyrinck").

m. Samuel B. Nadler et al., Prediction of blood volume in normal human adults, 51 Journal of Investigative Surgery 224-232 (1962) ("Nadler").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

54. Fresenius is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 from this Court that each and every claim of the '474 patent, are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Haemonetics denies the allegations in this paragraph.

## PRAYER FOR RELIEF

55. Fresenius respectfully requests that this Court enter judgment in its favor and grant the following relief:

i. A determination and declaratory judgment that Fresenius has not infringed any valid claim of the '652 patent;

ii. A determination and declaratory judgment that each and every claim of the '652 patent is invalid;

iii. A determination and declaratory judgment that Fresenius has not infringed any valid claim of the '916 patent;

iv. A determination and declaratory judgment that each and every claim of the '916 patent is invalid;

v. A determination and declaratory judgment that Fresenius has not infringed any valid claim of the '474 patent;

vi. A determination and declaratory judgment that each and every claim of the '474 patent is invalid;

vii. An order declaring that this is an exceptional case and awarding Fresenius its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a) and all other applicable statutes, rules, and common law;

viii. All costs be taxed against Haemonetics; and

ix. Any such other relief as the Court may deem appropriate and just under the circumstances.

**ANSWER:** Haemonetics denies that Fresenius is entitled to any relief sought in Fresenius' Prayer for Relief.

**[FRESENIUS'] JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Fresenius, by and through is undersigned counsel, hereby demands a trial by jury on all claims so triable in this action.

**ANSWER:** No response is required to Fresenius' demand for a trial by jury in this case.

**HAEMONETICS' DEFENSES**

Without prejudice to the denials set forth in its Answer, and without admitting any allegations within Fresenius' Counterclaims that were not expressly admitted, Haemonetics asserts the following defenses to the Counterclaims without assuming the burden of proof on any such defense that would not otherwise rest with Fresenius. Haemonetics reserves the right to amend its Answer to add additional defenses consistent with the facts discovered in this case.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

1. The Counterclaims fail to state a claim upon which relief can be granted.

**SECOND DEFENSE (NOT AN EXCEPTIONAL CASE)**

2. The Counterclaims fail to state a claim for an exceptional case.

**THIRD DEFENSE (EQUITABLE RELIEF)**

3. Fresenius is not entitled to equitable relief because the remedies at law to which it is entitled, if any, are adequate.

Dated: March 24, 2026

/s/ *Erik B. Milch*
Todd J. Ohlms
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3550
tohlms@proskauer.com

Erik B. Milch (pro hac vice)
Elizabeth Shrieves (pro hac vice)
Proskauer Rose LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004-2533
Telephone: (202) 416-6899
Email: emilch@proskauer.com
Email: eshrieves@proskauer.com

Joseph M. Drayton (pro hac vice)
Connor J. Villar (pro hac vice)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-2900
Email: cvillar@proskauer.com
Email: jdrayton@proskauer.com

Alan S. Teran (pro hac vice)
Proskauer Rose LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 995-4723
Email: ateran@proskauer.com

*Counsel for Plaintiff Haemonetics Corporation*